1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

ERIC DEAN BOYKIN,                                    No.  C 08-01348 SBA

                    Plaintiff,                            **ORDER**

5

6

     v.                                                  [Docket No. 3]

MICHAEL J. ASTRUE,

7

8

                    Defendant.

9

10

**REQUEST BEFORE THE COURT**

11

        Before the Court is plaintiff's Motion to Proceed *In Forma Pauperis* and his Application to

12

Proceed without Prepayment of Fees and Affidavit (the "Application") [Docket No. 2].  For the

13

reasons discussed below, the Court DENIES without prejudice the Application, and orders plaintiff

14

to (1) file an amended application within 30 days; or (2) pay the requisite filing fee within 30 days;

15

or (3) be dismissed for failure to prosecute.

16

**BACKGROUND[1]**

17

        Plaintiff applied for Social Security disability insurance benefits which the Social Security

18

Administration ("SSA") denied on the basis he was not disabled.  Plaintiff requested a hearing, but

19

an administrative law judge issued a decision denying him benefits.  He requested a review by the

20

SSA's Appeals Council, which denied his request, on January 7, 2008.  On March 10, 2008, he

21

brought this action requesting the Court review of the SSA's decision.  This same day, he filed the

22

Application.

23

**LEGAL STANDARD**

24

        The benefit of proceeding *in forma pauperis* is a privilege, not a right.  *Franklin v. Murphy*,

25

745 F.2d 1221, 1231 (9th Cir. 1984).  As 28 U.S.C. § 1915(a)(1) states, in part:

26

*///*

27

_____

28

[1]The facts are taken from plaintiff's Complaint for Judicial Review of Decision of Commissioner of
Social Security [Docket No. 1].

1    Any court of the United States may authorize the commencement, prosecution or

2    defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

3    prepayment of fees or security therefor, by a person who submits an affidavit that

4    includes a statement of all assets such person possesses that the person is unable to

5    pay such fees or give security therefor.

6  28 U.S.C. § 1915(a)(1).

7    A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v.*

8  *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th

9  Cir. 1960), *cert. denied*, 364 U.S. 896 (1960).  An affidavit is sufficient if it states a person cannot

10  pay or provide security for court costs and still provide himself or herself and any dependents with

11  the necessities of life.  *Adkins*, 335 U.S. at 339.

12    Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma*

13  *pauperis* "at any time" if it determines:  (1) the allegation of poverty is untrue; (2) the action is

14  frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief

15  from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  *Pro se* pleadings

16  must be liberally construed.  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

17  When reviewing a complaint, however, a court does not accept as true unreasonable inferences or

18  conclusory legal allegations cast in the form of factual allegations.  *See W. Mining Council v. Watt*,

19  643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir.

20  2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to

21  dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir.

22  2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations

23  without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to

24  amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,

25  957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found deficient and an

26  amendment could possibly cure the deficiency, the complaint must be dismissed with leave to

27  amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

28  ///

**ANALYSIS**

The Court has reviewed plaintiff's complaint [Docket No. 1] and does not find it subject to dismissal under 28 U.S.C. § 1915(e)(2).  Turning to the Application, the Court notes plaintiff, who has retained counsel, claims he is unemployed, and has one child, for whom he receives AFDC in "unspecified amounts."  The Application, however, asks him to provide the amount received during the previous twelve months.  Application ¶ 3.  He did not do this.  Further, he did not explain how he could afford counsel.  Thus, the Court is unable to conclude he has sufficiently demonstrated he cannot pay or provide security for court costs and still provide himself and his child with the necessities of life. If, however, plaintiff still wishes to proceed *in forma pauperis*, he may file an amended application that addresses the Court's concerns, and clearly and consistently sets forth, with the requisite detail, the circumstances of his financial status.

**CONCLUSION**

For the foregoing reasons, the Court DENIES without prejudice plaintiff's Motion to Proceed *In Forma Pauperis* [Docket No. 2].  The Court also orders plaintiff to:  (1) file an amended application within 30 days; or (2) pay the requisite filing fee within 30 days; or (3) be dismissed for failure to prosecute.  The Court warns plaintiff, again, **if within 30 days he does not either file an amended application or pay the requisite filing fee, the Court will dismiss this matter without prejudice for failure to prosecute.**

IT IS SO ORDERED.

April 17, 2008

Saundra B Armstrong
Saundra Brown Armstrong
United States District Judge

3