**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ERIC DEAN BOYKIN,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 08-01348 SBA

**ORDER**

[Docket No. 6]

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff's Amended Application to Proceed *in Forma Pauperis* in Response to April 17, 2008 Order Denying IFP (the "Application") [Docket No. 6]. For the reasons discussed below, the Court DENIES without prejudice the Application, and orders plaintiff to (1) file an amended application within 30 days; or (2) pay the requisite filing fee within 30 days; or (3) be dismissed for failure to prosecute.

**BACKGROUND**

Plaintiff applied for Social Security disability insurance benefits which the Social Security Administration ("SSA") denied on the basis he was not disabled. Plaintiff requested a hearing, but an administrative law judge issued a decision denying him benefits. He requested a review by the SSA's Appeals Council, which denied his request, on January 7, 2008. On March 10, 2008, he brought this action requesting the Court review the SSA's decision. This same day, he filed an Application to Proceed *in Forma Pauperis*. *See* Docket No. 2. The Court denied it, however, with 30 days leave to amend, as he failed to indicate his monthly AFDC receipts or how he could afford counsel. *See* Docket No. 4. On May 6, 2008, plaintiff filed the Application. *See* Docket No. 6.

**LEGAL STANDARD**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

1   Any court of the United States may authorize the commencement, prosecution or
2   defense of any suit, action or proceeding, civil or criminal, or appeal therein, without
3   prepayment of fees or security therefor, by a person who submits an affidavit that
4   includes a statement of all assets such person possesses that the person is unable to
5   pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Adkins*, 335 U.S. at 339.

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

///

**ANALYSIS**

The Court has reviewed plaintiff's complaint [Docket No. 1] and does not find it subject to dismissal under 28 U.S.C. § 1915(e)(2). Turning to the Application, the Court notes plaintiff, as the Court requested, did indicate his monthly income sources and explained his attorney is representing him on a contingency basis. Application ¶¶ 3, 7. He did not, however, indicate how much he pays monthly to support his son. *See id.* ¶ 6. Also, it has become apparent he is using the wrong form to apply for *in Forma Pauperis* status. As such, he may not have realized he needed to indicate his monthly *expenses*, and provide other information required by the Northern District's form.[1] Thus, the Court is unable to conclude he has sufficiently demonstrated he cannot pay or provide security for court costs and still provide himself and his child with the necessities of life. If, however, plaintiff still wishes to proceed *in forma pauperis*, he may file an amended application that addresses the Court's concerns, and clearly and consistently sets forth, with the requisite detail, the circumstances of his financial status.

**CONCLUSION**

For the foregoing reasons, the Court DENIES without prejudice plaintiff's Amended Application to Proceed *in Forma Pauperis* in Response to April 17, 2008 Order Denying IFP [Docket No. 6]. The Court also orders plaintiff to: (1) file an amended application within 30 days; or (2) pay the requisite filing fee within 30 days; or (3) be dismissed for failure to prosecute. The Court warns plaintiff, again, **if within 30 days he does not either file an amended application or pay the requisite filing fee, the Court will dismiss this matter without prejudice for failure to prosecute.**

IT IS SO ORDERED.

May 8, 2008

_____
Saundra Brown Armstrong
United States District Judge

---

[1] The appropriate form may be found on the Northern District's web site, under the Forms link, under the district's Civil Forms.

3