**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ERIC DEAN BOYKIN, | No. C 08-01348 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 10] |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

### REQUEST BEFORE THE COURT

Before the Court is plaintiff's Amended Application to Proceed *in Forma Pauperis* (the "Application") [Docket No. 10] in response to the Court's June 4, 2008 Order Denying his Second Amended Application to Proceed in Forma Pauperis. *See* Docket No. 9. For the reasons discussed below, the Court GRANTS the Application.

### BACKGROUND

Plaintiff applied for Social Security disability insurance benefits which the Social Security Administration ("SSA") denied on the basis he was not disabled. Plaintiff requested a hearing, but an administrative law judge issued a decision denying him benefits. He requested a review by the SSA's Appeals Council, which denied his request, on January 7, 2008. On March 10, 2008, he brought this action requesting the Court review the SSA's decision. This same day, he filed an Application to Proceed *in Forma Pauperis*. *See* Docket No. 2. The Court denied it, however, with 30 days leave to amend, as he failed to indicate his monthly AFDC receipts or how he could afford counsel. *See* Docket No. 4.

On May 6, 2008, plaintiff filed a First Amended Application, which indicated his counsel was serving on a contingency basis. *See* Docket No. 6 ¶ 7. Plaintiff, however, had filed the wrong form, and had thus failed to provide required information to determine his status, including how much he pays monthly, if anything, to support his minor son. *See* Docket No. 7 at 3. The Court thus denied his amended application, but granted him 30 days leave to amend by using the required form.

1  *See id.*  On May 29, 2008, plaintiff filed a Second Amended Application (the "SAA"), in which he
2  failed to complete items 4.b. (indicating how much he pays to monthly support his minor son), 5
3  (real estate holdings), 7 (cash, account, and asset holdings), and 9 (debts).  Docket No. 8 ¶¶ 4.b, 5, 7,
4  9.  Further, in the SAA, plaintiff failed to indicate whether his counsel was still serving on a
5  contingent basis.  *See id.*  The Court thus denied his SAA, but granted him 30 days leave to amend.
6  *See* Docket No. 9.  On June 30, 2008, plaintiff filed the Application.  *See* Application at 1.

## LEGAL STANDARD

The benefit of proceeding *in forma pauperis* is a privilege, not a right.  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).  As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960).  An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life.  *Adkins*, 335 U.S. at 339.

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  *Pro se* pleadings must be liberally construed.  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir.

1  2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to
2  dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir.
3  2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations
4  without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to
5  amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,
6  957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found deficient and an
7  amendment could possibly cure the deficiency, the complaint must be dismissed with leave to
8  amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## ANALYSIS

The Court has reviewed plaintiff's complaint [Docket No. 1] and does not find it subject to dismissal under 28 U.S.C. § 1915(e)(2).  Turning to the Application, the Court finds plaintiffs' stated monthly expenses are almost equal to his monthly revenue of $581 in AFDC benefits.  Further, plaintiff has one minor dependent and no assets of significant value.  As such, the Court concludes plaintiff has sufficiently demonstrated he could not pay or provide security for court costs and still provide himself and his dependent with the necessities of life.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Amended Application to Proceed *in Forma Pauperis* [Docket No. 10].

IT IS SO ORDERED.

July 1, 2008                                      _____
                                                  Saundra Brown Armstrong
                                                  United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28